Bean v. Morris                                    CV-95-425-JD  07/29/96
                         UNITED STATES DISTRICT COURT
                         DISTRICT OF NEW HAMPSHIRE

Cherrie M. Bean

        v.                                      Civil No. 95-425-JD

Gerald Robert Morris, Jr.


                              O R D E R


     On June 25, 1996, the magistrate judge recommended that the

defendant's motion to dismiss for lack of subject-matter

jurisdiction (document no. 13) be granted.  Before the court is

the plaintiff's objection to the magistrate judge's report and

recommendation (document no. 31).

     The magistrate judge based his recommendation on the

plaintiff's failure to sustain her burden of establishing a

Massachusetts residence on September 1, 1995, the date the

instant action was filed.  The magistrate judge reached this

conclusion after conducting a hearing during which the underlying

facts were submitted via affidavit and offers of proof.  The

report and recommendation stated that the only evidence the

plaintiff offered to establish her Massachusetts residence were

two affidavits indicating that, (1) she had lived in West

Newbury, Massachusetts, from March 24, 1995, to October 22, 1995;

(2) she rented an apartment in Haverill, Massachusetts, until

December 1995; and (3) she was again living in West Newbury on June 20, 1996. The affidavits also indicated that, (1) the plaintiff had been a New Hampshire resident prior to March, 1995; (2) she had moved from Haverill to Kingston, New Hampshire in December, 1995; and (3) she was residing in Kingston as late as March 15, 1996.[1] The magistrate judge concluded that these affidavits demonstrated the plaintiff's presence in Massachusetts on the day the lawsuit was filed, but did not constitute evidence of her intent to remain in Massachusetts.

The court has conducted a de novo review of the record and the magistrate judge's factual and legal findings, see 28 U.S.C.A. § 636(b)(1) (West 1993), and finds that the case should be dismissed for lack of subject-matter jurisdiction.

As it was undisputed that the plaintiff was a New Hampshire domiciliary as of March 3, 1993, the plaintiff bore the burden of establishing that her domicile had changed from New Hampshire to Massachusetts as of September 1, 1995. See Bank One, Texas, N.A. v. Montle, 964 F.2d 48 (1st Cir. 1992). The plaintiff could have satisfied her burden by establishing (1) her presence in Massachusetts; and (2) her intent to remain there. See id. A

_____

[1]The affidavits presented to the magistrate do not indicate the date on which the plaintiff moved back to West Newbury.

2

party's intent may be determined through consideration of

> the place where civil and political rights are exercised, taxes paid, real and personal property (such as furniture and automobiles located), driver's and other licenses obtained, bank accounts maintained, location of club membership and places of business or employment.

Id. (quoting Lundquist v. Precision Valley Aviation Inc., 946 F.2d 8, 10 (1st Cir. 1991)).

The magistrate judge properly concluded that the plaintiff's affidavits, which merely established that the plaintiff was in Massachusetts at the time the lawsuit was filed, did not establish her intent to remain there as of September 1, 1995. The court notes that the magistrate judge appears not to have considered the plaintiff's offer of proof at the close of the hearing indicating that the plaintiff was employed in Massachusetts on September 1, 1995. However, the other evidence proffered at the hearing indicated, inter alia, that the plaintiff had neither registered to vote in Massachusetts nor obtained a Massachusetts driver's license as of the relevant date. The court finds that the plaintiff's proffer of evidence of her employment in Massachusetts is, standing alone, insufficient to establish by a preponderance of the evidence that

she intended to remain in Massachusetts on September 1, 1995.[2]

The plaintiff has challenged the magistrate judge's recommendation by submitting a new affidavit containing, <u>inter alia</u>, evidence that the plaintiff worked for a series of Massachusetts employers beginning in June, 1995, opened a bank account in Massachusetts in October, 1995, and enrolled her son in child care in Massachusetts in September, 1995. However, the plaintiff has neither explained her failure to bring this additional evidence to the attention of the magistrate judge nor suggested that the magistrate judge was in any way made aware of it.

In "hold[ing] categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate," the

_____

[2]In reaching this conclusion, the court notes that the plaintiff did not request an evidentiary hearing in opposing the defendant's motion to dismiss and chose instead to rely on the affidavits submitted in opposition to the defendant's motion. The plaintiff's proffer of evidence concerning the plaintiff's employment in Massachusetts came in response to a question posed at the hearing by the magistrate judge. The court also notes that the plaintiff's objection to the report and recommendation does not mention that the magistrate judge failed to consider the plaintiff's attorney's statements concerning the plaintiff's employment. <u>See</u> Fed. R. Civ. P. 72(b) (requiring party objecting to report and recommendation to make specific, written objections to proposed findings and recommendations).

First Circuit stated that

> [s]ystematic efficiencies would be frustrated and the magistrate's role reduced to that of the mere dress rehearser if a party were allowed to faint and weave at the initial hearing, and save its knockout for the second round.  In addition, it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing and -- having received an unfavorable recommendation -- shift gears before the district judge.

Paterson-Leitch v. Massachusetts Elec., 840 F.2d 985, 990-91 (1st Cir. 1988).  The court finds the same concerns applicable where, as here, a party seeks to introduce new evidence that could have been submitted to the magistrate judge.  Accord Casas Office Machines, inc. v. Mita Copystar Mach., Inc., 847 F. Supp. 981, 989 (D.P.R. 1993), vacated on other grounds, 42 F.3d 668 (1st Cir. 1994).

The plaintiff had ample opportunity to present evidence to the magistrate, and chose only to submit two affidavits in opposition to the defendant's motion to dismiss.  Moreover, the legal principle upon which the magistrate judge rested his recommendation was central to the defendant's motion.  In the exercise of its discretion, see Paterson-Leitch, 840 F.2d at 991, the court declines to entertain the plaintiff's new evidence, and, accordingly, approves the report and recommendation.

5

## Conclusion

The plaintiff's objection to the magistrate judge's report and recommendation (document no. 31) is overruled and the magistrate judge's report and recommendation (document no. 29) is approved.  The defendant's motion to dismiss for lack of subject-matter jurisdiction (document no. 13) is granted.

The clerk is ordered to close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

July 29, 1996

cc:  B. Michael Cormier, Esquire
     Carmen L. Durso, Esquire
     Andrew I. Gould, Esquire

6